- FILED -

**In the United States District Court**
**for the Northern District of Indiana**
**South Bend Division**

MAY 1 7 2018

ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

Kerel L. Seabrooks,

      Petitioner

Cause No.: 3:18CV365

  v.

_____

      Respondent

## Motion for An Evidentiary Hearing and Supporting Memorandum of Law

Pursuant to 28 U.S.C § 2254 (e), and Townsend v. Sain, 372 U.S. 293 (1963), the petitioner, Kerel L. Seabrooks, requests that the Court grant him an evidentiary hearing on the following claims asserted in his Petition for Writ of Habeas Corpus: Claim I (State withholding Brady information); II (State withholding Brady material in a separate and independent issue); III (State utilizing illegally obtained information to secure a warrant to search), to the extent that the Court finds that there are contested issues of fact with respect to those claims.

As set forth in his Petition, the petitioner has alleged facts with respect to each of the enumerated claims which, if proven, entitles him to federal habeas corpus relief. In the State Court, the petitioner has diligently pursued every available avenue for obtaining a hearing, including the submission of numerous affidavits and records in support of his allegations (see: Petition, 'Exhibits'). However, despite a substantial allegation of newly discovered evidence, the

State Court did not afford the petitioner a hearing for any reason. Because of his diligence in attempting to develop facts in support of his claims, the petitioner is not barred by 28 U.S.C § 2254 (e) from receiving an evidentiary hearing (see: <u>Williams v. Taylor</u>, 529 U.S. 420 (2000); <u>Matheny v. Anderson</u>, 253 F.3d 1025, 1039 (7th Cir. 2001).

Pursuant to the petitioner already having discussed the substance of the claims for which he seeks a hearing (see: Petition and Memorandum Brief), he will not repeat those arguments here, but will rather focus on the principles applicable to when evidentiary hearings are warranted.

### Relevant Legal Principles

In <u>Townsend</u>, the Supreme Court recognized six situations in which a Federal Court's deference to a State Court's fact findings would be inappropriate, and any of which would make an evidentiary hearing <u>mandatory</u>:

1) The merits of the factual dispute were not resolved in the State hearing;
2) The State's factual determination is not fairly supported by the record as a whole;
3) The fact-finding procedure employed by the State court was not adequate to afford a full and fair hearing;
4) There is substantial allegation of newly discovered evidence;
5) The material facts were not adequately developed at the State-Court hearing; or
6) For any reason it appears that the State trier of fact did not afford the Habeas applicant a full and fair fact hearing. <u>Id</u>. at 313.

At a minimum, the petitioner satisfies factors (4) and (6) listed in <u>Townsend</u>. Here, the petitioner filed a petition for Post-Conviction Relief in the trial court, alleging the claims

presented herein [Ex. XXIV]. However, the petition was summarily dismissed, without hearing. Subsequently, the petitioner would then request leave from the Indiana Court of Appeals to file a Successive petition to present these claims [Ex. XXV]. However, this request was also denied, without hearing. It is important to note, pursuant to state-level rules of appellate procedure, transfer to the Indiana Supreme Court is unavailable to the petitioner, due to the denial of his request to the Court of Appeals not being considered an adverse decision [Ex. XXVI].

In Townsend, the Supreme Court held that, "There cannot even be the semblance of a full and fair hearing unless the State Court actually reached and decided the issues of fact by the defendant". I.d. at 372 U.S. 313-14. To that point, the petitioner contends that there is no evidence in the record that an express finding of fact was made by the State court in regard to the claims presented herein. This omission makes it impossible for this Honorable Court to reconstruct the findings of the State trier of fact to ascertain whether it applied the correct constitutional standards in disposing of the claims.

The petitioner maintains that it is under these circumstances that a hearing is compelled to ascertain the facts (see: Townsend, I.d. at 314).

### Conclusion

The failure of the State court to allow the petitioner any type of hearing, so that he could develop the record to fully and fairly present his constitutional claims to this Honorable Court constitutes a 'State's Error' that entitles him to a mandatory hearing. WHEREFORE, for the forgoing reasons, the petitioner prays that this Court grants him an evidentiary hearing regarding his petition for Writ of Habeas Corpus.

Respectfully Submitted,

Kerel L. Seabrooks, in pro se