UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEREL L. SEABROOKS,

    Petitioner,

    v.      CAUSE NO. 3:18-CV-365-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Kerel L. Seabrooks, a prisoner without a lawyer, filed a motion to reconsider the order denying the habeas petition under Federal Rule of Civil Procedure 59(e). *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

On July 23, 2021, the court dismissed this habeas case as untimely after considering each of Seabrooks' arguments as to why his claims were timely or why the untimely nature of his claims should be excused. In this motion to reconsider,

Seabrooks focuses on his argument that faulty and outdated information from the prison law library amounted to an impediment created by the State in violation of the Constitution under 28 U.S.C. § 2244(d)(1)(B) and an extraordinary circumstance that prevented him from filing a timely habeas petition for purposes of equitable tolling. He contends that, in March 2017, he asked library staff how to exhaust State court remedies and that they directed him to the Indiana Rules of Post-Conviction Remedies. He further contends that, as a result, he relied on Sections 2 and 3 of Rule 1 of the Indiana Rules of Post-Conviction Remedies as well as *Owen v. State*, 338 N.E.2d 715 (Ind. App. 1975); *Shelor v. State*, 386 N.E.2d 690 (Ind. 1979); and *Barfell v. State*, 399 N.E.2d 377 (Ind. App. 1979). According to Seabrooks, these legal resources caused him to believe that he was allowed to pursue an unauthorized successive petition in State court because his first petition for post-conviction relief was not verified.

To demonstrate that these legal resources are outdated, Seabrooks relies on a memorandum from the law library, which states:

> Due to the materials being outdated and missing various pages that cannot be replaced, all the "Satellite materials" are no longer available to be requested and have been disposed of. These are not the required materials as noted in I.D.O.C. Policy 00-01-102. The required materials will continue to be available.

ECF 11-1 at 7. To start, this memorandum does not indicate that the legal resources at issue were outdated. The "required materials" noted in the referenced policy include Indiana cases from 1960 to the present and the Indiana court rules. Indiana Department of Correction, Offender Access to the Courts, Attachment I, *available at* https://www.in.gov/idoc/dys/files/00-01-102_AP_11-15-04.pdf.

As explained in the order denying habeas relief, the version of the rules upon which Seabrooks relied were the most recent version available in 2017. ECF 33 at 12. It is unclear how the delivery of the Indiana Rules of Post-Conviction Remedies in response to a prisoner's request for information on how to exhaust State court remedies amounts to a constitutional violation or an extraordinary circumstance. After reviewing the case file for the 2017 post-conviction proceedings (ECF 26-6), it does appear that *Owens*, *Shelor*, or *Barfell* are no longer good law as they relate to the preclusive effect of unverified petitions for post-conviction relief due to the rule requiring authorization to file successive petitions -- Section 12 of Rule 1 of the Indiana Rules of Post-Conviction Remedies. Nevertheless, it is unclear how the mere presence of these cases in the law library and their delivery to Seabrooks at his request amounts to a constitutional violation or an extraordinary circumstance.[1] Moreover, Seabrooks should have been aware of the rule requiring authorization for successive petitions throughout 2017 given his access to a copy of the rules and given that he had previously filed petitions pursuant to that rule in 2011 and in 2014. ECF 26-5; ECF 26-6.

Additionally, it is unclear how the belief that he could pursue an unauthorized successive petition in State court prevented him from filing a timely habeas petition. In the motion to reconsider, Seabrooks states, "The subtraction of the time attributed to the state court deciding the 2017 state application along with the time attributed to deciding

---

[1] As noted in the order denying habeas relief, determining whether legal authority remains good law is often a complex legal inquiry in itself. ECF 33 at 12 n.4. And, even then, a legal authority may be overruled or superseded in part while remaining good law in other respects. This is true with respect to the published opinions here, each of which also resolved claims related to the validity of guilty pleas.

a 2018 state-application that was properly filed would put this petition within the one-year deadline." There, Seabrooks references a request to file a successive petition in 2018, which the Court of Appeals of Indiana denied in Case No. 18A-SP-400. ECF 26-7. Because the appellate court denied the request, this proceeding did not affect the federal limitations period. *See Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009) ("[W]here state law requires pre-filing authorization—such as an application for permission to file a successive petition—simply taking steps to fulfill this requirement does not toll the statute of limitations. Instead the second petition tolls the limitations period only if the state court grants permission to file it."). As explained in the previous order, the limitations period for all claims had expired by March 3, 2018. ECF 33 at 9-10. Seabrooks did not file the habeas petition until seventy-five days later on May 17, 2018. The St. Joseph Superior Court dismissed the 2017 petition thirty five days after it was filed. ECF 26-6. Accordingly, even if Seabrooks correctly believed that the post-conviction proceedings in 2017 tolled the limitations period, his habeas petition would remain untimely.

At base, the untimely nature of Seabrooks' petition is more fairly attributed to the inherent difficulties of parsing through legal materials and navigating the procedural thicket of collateral review without the assistance of counsel than any deficiencies with respect to the legal materials available at the prison law library. A competent attorney likely would have known to question a forty-year old line of cases that did not square with the most recent version of the court rules. A competent attorney likely would have had a better understanding of the federal limitations period

4

and may have considered filing a federal habeas petition at the same time he initiated State proceedings to avoid timeliness concerns or proceeding directly to federal court to litigate the issue of procedural default instead. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) ("A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a protective petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."); *Banks v. Dretke*, 540 U.S. 668, 698 (2004) (prosecutorial misconduct may be a basis for excusing procedural default). It is unfortunate that Seabrooks did not have appointed counsel to assist him with the complicated task of pursuing collateral review in 2017, but these circumstances are not extraordinary for purposes of equitable tolling, nor do they amount to a constitutional violation. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today."); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) ("[E]ven reasonable mistakes of law are not a basis for equitable tolling. This is the general rule, and it has been applied repeatedly to pro se habeas corpus petitioners.").

For these reasons, the court DENIES the motion to reconsider (ECF 35).

SO ORDERED on August 26, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT